James A. Stankowski (State Bar No. 106367)
Darren Le Montree, Esq. (State Bar No. 198715)
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 443-5100
Facsimile:   (213) 443-5101
E-Mail:  James.Stankowski@wilsonelser.com
              Darren.Lemontree@wilsonelser.com

Attorneys for Defendant,
ILLINOIS UNION INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD CHARTRAND,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, a corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: C-08-05805-JSW<br><br>**JOINT STIPULATION TO PHASE DISCOVERY AND MODIFY TRIAL SCHEDULE**<br>**AND ORDER THEREON** |

TO: ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff LLOYD CHARTRAND ("Plaintiff") and Defendant ILLINOIS UNION INSURANCE COMPANY ("Defendant") by and through their respective counsel of record hereby stipulate

    1.    Whereas, this matter involves an insurance coverage dispute which involves a pending lawsuit.

    2.    Whereas, counsel for the parties have diligently engaged in discovery and have met and conferred on the issues which will be framed for cross-motions for summary judgment.

1

**JOINT STIPULATION TO PHASE DISCOVERY AND MODIFY TRIAL SCHEDULE**

3. Whereas, in the course of said discussions, counsel have determined that the most logical, economical and fair means of streamlining the resolution of the coverage issues in dispute would be to conduct discovery in phases such that only written discovery necessary to prepare for the cross-motions for summary judgment/adjudication relating to the duty to defend issues should be conducted at this time. Defendant plans to bring a motion for summary judgment on the basis that no coverage is afforded under the subject insurance policy for the claim at issue and therefore the entire action should be dismissed. Plaintiff plans to bring a motion for partial summary judgment to have the Court determine that under the subject Policy Defendant owes him a duty to defend the underlying claim. After the ruling on the cross-motions, to the extent necessary, additional discovery, including depositions and expert discovery, would then proceed.

4. Whereas, Plaintiff is concerned that proceeding with further discovery while the underlying action is ongoing will prejudice the defense of Mr. Chartrand in the underlying investor action. (Carl B. Johnston, et. al. v. Mentura, Inc., et. al., Sonoma County Superior Court Case No. SCV 240480). There is caselaw in California which supports the proposition that if a coverage action against an insured under a liability policy involves factual determinations that are at issue in the underlying action the former may be stayed until the latter has been resolved or the factual determinations have been made. See ***Montrose Chemical Corp. v. Superior Court*** (1993) 6 Cal.4th 287, 301, 302. These reasons were elaborated on in ***Haskel, Inc. v. Superior Court***, 33 Cal.App.4th 963, 979:

> There are three concerns which the courts have about the trial of coverage issues which necessarily turn upon the facts to be litigated in the underlying action. First, the insurer, who is supposed to be on the side of the insured and with whom there is a special relationship, effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit; second, such a

2

**JOINT STIPULATION TO PHASE DISCOVERY AND MODIFY TRIAL SCHEDULE**

> circumstance requires the insured to fight a two-front
> war, litigating not only with the underlying claimant, but
> also expending precious resources fighting an insurer
> over coverage questions--this effectively undercuts one
> of the primary reasons for purchasing liability insurance;
> and third, there is a real risk that, if the declaratory relief
> action proceeds to judgment before the underlying action
> is resolved, the insured could be collaterally estopped to
> contest issues in the latter by the results in the former. It
> is only where there is no potential conflict between the
> trial of the coverage dispute and the underlying action
> that an insurer can obtain an early trial date and
> resolution of its claim that coverage does not exist.
> (*Montrose II*, supra, 25 Cal. App. 4th at p. 910.)

Plaintiff contends this is a case in which a Stay would be proper under the standard in *Montrose* and *Haskell* and he will move this Court for such a stay if the instant stipulation is not approved.

5. Whereas, the approach suggested by the parties will accelerate the ultimate resolution of this matter since it will allow the parties to brief their respective motions for summary judgment/adjudication for hearing on September 4, 2009 (rather than the current scheduled hearing date of October 2, 2009). This agreement will save the parties time, expense and, as detailed above, address Plaintiff's grave concern that if full discovery is allowed while the underlying case is pending, he will suffer prejudice.

6. Wherefore, the parties stipulate and agree that discovery shall be phased such that prior to the Court's ruling on the cross-motions for summary judgment/adjudication only written discovery on issues relevant to the parties' respective cross-motions will be allowed. The parties propose the present close of discovery date be lifted. After the Court rules upon the cross-motions, to the extent necessary, all remaining discovery, including depositions, expert disclosures

3

**JOINT STIPULATION TO PHASE DISCOVERY AND MODIFY TRIAL SCHEDULE**

1  and expert discovery will commence.  The parties further propose that the trial date
2  and all related dates be vacated and suggest that the Court set a further status
3  conference, as needed, after the ruling on the cross-motions for summary
4  judgment.  The summary judgment briefing schedule shall be as follows:

    (a)    Defendant to file its Opening Motion on or before July 17, 2009.

    (b)    Plaintiff to file his Opening Motion/Opposition on or before July 31, 2009.

    (c)    Defendant to file its Opposition/Reply on or before August 12, 2009.

    (d)    Plaintiff to file his Reply on or before August 24, 2009.

    (e)    Hearing on the cross-motions to be set on September 4, 2009 at 9:00 a.m.

So Stipulated.

Dated:  June 26, 2009                    Law Office of Andre Hassid

                                            By:__/s/_____
                                              Andre Hassid, Esq..
                                              Attorneys for Plaintiff
                                              LLOYD CHARTRAND

Dated: June 26, 2009                     WILSON, ELSER, MOSKOWITZ,
                                               EDELMAN & DICKER LLP

                                            By: __/s/_____
                                              James A. Stankowski
                                              Darren Le Montree
                                              Attorneys for Defendant,
                                              ILLINOIS UNION INSURANCE
                                              COMPANY

**JOINT STIPULATION TO PHASE DISCOVERY AND MODIFY TRIAL SCHEDULE**

IT IS SO ORDERED

1. The present discovery cut-off date is lifted, and the parties' proposed phased discovery is adopted by the court.

2. The hearing date for the cross-motions for summary judgment and partial summary judgment is set for September 4, 2009 and the briefing schedule set forth in the above stipulation is adopted.

3. In light of the phased discovery, and the issues concerning overlapping issues with the underlying action, the trial date is dropped.

4. After the ruling on the cross-motions, the parties will request a new status conference to deal with subsequent discovery issues and scheduling, and trial date.

Dated: June 30, 2009    _____
                        Hon. Jeffrey S. White